UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>Industrial Commercial Electrical, Inc.,<br>et al.<br>     Debtors | Chapter 11<br>Case No. 02-45451 (JBR)<br>(Jointly Administered) |
| Industrial Commercial Electrical, Inc.<br>et al.<br><br>v.<br><u>**Flagship Bank & Trust Company**</u> | Adversary Proceeding<br>No. 05-4113-JBR |

**ORDER ON APPLICATION AND AMENDED APPLICATION OF THE IRS TO INTERVENE.**

This matter came before the Court for a non-evidentiary hearing on the Application [#19] and Amended Application [#27] of the IRS to l intervene in the above adversary proceeding in the event that this Court denies the Joint Motion of Debtors, Flagship Bank and Trust Company and Official Committee of Unsecured Creditors for Entry of Order Pursuant to Section 105(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002(a), 7041 and 9019 Approving Stipulation of Settlement, filed in the Debtors' chapter 11 case. Contemporaneously herewith the Court has entered an order denying the settlement motion and therefore will address the Application, to which the Bank has filed a limited objection, and the Amended Application.

The IRS has commenced an action against Flagship Bank & Trust Company in the United States District Court for the District of Massachusetts in which the IRS seeks

an order that the Bank pay it the amount of money which the IRS tendered to the Debtor as a "tentative refund" and which the Debtor turned over to the Bank.[1] Essentially the IRS seeks to intervene in this litigation to bring before this Court the same issues it has chosen to raise in the District Court.  Because the IRS will be able to protect whatever rights and remedies it has against the Bank in the District Court action and because it can continue to protect its rights against the Debtors in the Chapter 11 case as a party in interest, the Application and Amended Application are DENIED.

Dated:  February 14, 2006

*Joel B. Rosenthal*
Joel B. Rosenthal
United States Bankruptcy Judge

---

[1] This Court previously ruled that the IRS was not entitled to an administrative claim against the estate for the return of the tentative refund.  304 B.R. 24 (Bankr. D. Mass. 2004).  The District court reversed on appeal.  319 B.R. 35 (D.Mass. 2005).

2